IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TODD RICHARD CHARLES NEELY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 14 CV 8328<br>)<br>) Hon. Charles R. Norgle |
| UNITED STATES OF AMERICA, et al., | )<br>) |
| Defendants. | ) |

## ORDER

Plaintiff's Motion for Extension of Time to Answer Defendants' Motions to Dismiss [47] is denied. The State of Illinois Defendants' Motion to Dismiss [28] is granted. Motion of the Federal Defendants to Dismiss [31] is granted. Motion to Dismiss of Defendant Congressman John Boehner [36] is granted. Motion for Extension of Time to Answer or Otherwise Plead [34] is denied as moot. This case is dismissed for lack of subject matter jurisdiction.

## STATEMENT

Before the Court are Defendants the United States of America, the State of Illinois, Speaker of the House of Representatives John Boehner, Senate Majority Leader Harry Reid, President Barack Obama, Chief Justice John Roberts, Secretary of Education Arne Duncan, Charles F. Bolden, Jr. of NASA, Illinois Speaker of the House of Representatives Michael Madigan, President of the Illinois Senate John Cullerton, former Governor of Illinois Pat Quinn, and Illinois Attorney General Lisa Madigan's (collectively, "Defendants") motions to dismiss Plaintiff Todd Richard Charles Neely's ("Plaintiff") Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the motions to dismiss are granted.

As an initial matter, in open court on February 13, 2015, Plaintiff failed to present any request to the Court. His written motion, however, requests an extension of time to February 13, 2015, in order to respond to Defendants' motions to dismiss. Nevertheless, Plaintiff has not filed any such response to date. Therefore, Plaintiff's motion for an extension of time is denied.

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of a complaint. Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction is a threshold question, the first question in every case, because without jurisdiction the court cannot proceed at all." In re ALT Hotel, Inc., 479 B.R. 781, 805 (Bankr. N.D. Ill. 2012) (internal quotation marks and citations omitted); see also Craig v. Ontario Corp., 543 F.3d 872, 874 (7th Cir. 2008) ("Naturally, the first question [the Court] must confront is that of jurisdiction."). Here, Defendants argue that Plaintiff lacks subject matter jurisdiction to proceed because he fails to allege an injury in fact that would confer standing.

"Standing is an essential component of Article III's case-or-controversy requirement." Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 443 (7th Cir. 2009). "[T]he irreducible constitutional minimum of standing contains three elements[:]" (1) an injury in fact; (2) causation; and (3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." Id. at 560 (internal quotation marks and citations omitted). The injury "must affect the plaintiff in a personal and individual way." Id. at 560 n.1. A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 474 (1982) (internal quotation marks and citations omitted). "In addition, even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating 'abstract questions of wide public significance' which amount to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." Id. at 474-75 (quoting Warth v. Seldin, 422 U.S. 490, 499-500 (1975)).

Here, Plaintiff's Complaint, which is sixty-one pages including exhibits, alleges that the theory of evolution is a state religion, and that the federal and state governments and their officials are violating Plaintiff's First Amendment rights by teaching and supporting this state religion in schools. Among other relief, Plaintiff seeks over a trillion dollars, which allegedly represents the amount of tuition money paid by American citizens. Plaintiff's Complaint, which appears to be nothing more than a platform of his personal beliefs and theories, fails to assert an injury in fact. It contains nothing more than a generalized grievance against the state and federal governments. Because Plaintiff fails to allege or establish an injury in fact, he lacks standing to proceed. Accordingly, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

For the foregoing reasons, Defendants' motions to dismiss are granted. This case is terminated.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 17, 2015